IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| VIKKI J. NICKERSON | ) Case No. 07-41889 |
| | ) |
| Debtors. | ) |

ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

Debtor Vikki J. Nickerson seeks to claim exemptions under § 522(d) of the Bankruptcy Code. She asserts that § 522(b) permits her to claim federal exemptions because she is ineligible to take advantage of either Missouri or Kansas exemptions due to the domiciliary requirements in § 522(b)(3)(A). The Trustee objects to the Debtor's use of the federal exemptions, claiming that the Debtor is required to use exemptions provided under the laws of the State of Kansas, pursuant to 11 U.S.C. § 522(b)(3)(A). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons that follow, the Trustee's Objection is OVERRULED.

The Debtor filed a voluntary Chapter 7 Petition on June 6, 2007. As of the petition date, the Debtor resided in Belton, Missouri, where she had resided since October 2005. On her Statement of Financial Affairs, the Debtor stated that she lived in the State of Kansas from May 1994 to October 2005. On Schedule C, the Debtor claimed several exemptions under § 522(d), most notably a $10,700.00 exemption pursuant to § 522(d)(5), the federal wildcard exemption, regarding a $15,000.00 account receivable identified on Schedule B.

The Trustee objected to the Debtor's use of the federal exemptions, arguing that she

is limited to the exemptions provided under Kansas law. The Trustee claims that, pursuant to § 522(b)(3)(A), Kansas is her domicile for exemption purposes, and since Kansas has opted out of the federal exemptions, the Debtor is only eligible to take those exemptions allowed by Kansas law.

The Bankruptcy Code allows debtors to exempt certain property from the estate as enumerated in § 522(d), unless the debtor's state of domicile as prescribed by § 522(b)(3)(A) has opted out of the federal exemptions.[1] If a debtor's domiciliary state has opted out of the federal exemption scheme, then such a debtor is required to use that state's own exemptions for bankruptcy purposes. As amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), § 522(b)(3)(A) states, in part, that debtors may claim exemptions in:

> any property that is exempt under Federal law, . . . or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.[2]

Both parties agree that, under this provision, since the Debtor resided in Missouri for less than 730 days prior to filing the petition, Missouri's exemption laws do not apply, even though the Debtor now resides in Missouri and filed her bankruptcy case here. Rather, since the Debtor lived in Kansas for the entire 180-day period preceding the 730 day-period, this

---

[1] 11 U.S.C. § 522(b)(1)-(3) (2006).

[2] 11 U.S.C. § 522(b)(3)(A).

Court must look first to Kansas exemption law to determine its applicability to the property in question. The parties also agree that Kansas has opted out of the federal exemptions, such that a debtor may not elect to use the federal exemptions if deemed a domicile of Kansas.[3] The question here is whether a debtor "domiciled" in Kansas for purposes of federal bankruptcy law, but who is not currently residing in the State of Kansas, can claim Kansas exemptions in a bankruptcy case.

With regard to personal property, the Kansas statute reads, "[e]very person *residing in this state* shall have exempt . . . the following articles of personal property."[4] Under the express language of this statute, Kansas personal property exemptions are not available to debtors who are not residents of Kansas. Moreover, even with regard to Kansas' homestead exemption, which does not expressly limit its applicability "to Kansas residents," several courts have held that the State's "exemptions have no extra-territorial force."[5]

The Trustee argues that this case is distinguishable from *Sipka* and *Ginther* since both of those cases involved disputes over homestead exemptions and homesteads located in other states, rather than an intangible account receivable covered by Kansas' personal property exemption statute. However, both the *Sipka* and *Ginther* opinions suggest that Kansas

---

[3] Kan. Stat. Ann. § 60-2312(a) (2006).

[4] Kan. Stat. Ann. § 60-2304 (emphasis added).

[5] *See, e.g.*, *In re Sipka*, 149 B.R. 181, 182-83 (D. Kan. 1992); *see also In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002) (indicating that the Kansas Supreme Court has expressly held, several times, that its exemption law has no effect in other states).

exemption laws in general have no extra-territorial effect. *Sipka* and *Ginther* held the Kansas homestead exemption statute was not extra-territorial, despite the fact that that section does not specifically indicate that debtors must reside in the state to be eligible, whereas the personal property exemption section specifically limits its application to persons "residing" in the state.[6]

Finally, the Trustee argues that § 522(b)(3)(A) preempts state exemption statutes to the extent that they are not available to non-residents, as Congress could not have intended to amend the section in such a way that individuals would not be eligible to take exemptions from states in which they no longer reside, resulting, as it does here, in debtors being ineligible to claim any exemptions at all. However, some states *do* allow non-resident debtors to use their exemptions.[7]

More importantly, as part of the BAPCPA amendments to § 522(b) of the Code, Congress added a "saving provision" applicable in just such a situation. The provision, found in the last sentence of § 522(b)(3), specifically states that, "[i]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)."[8]

---

[6] *See* Kan. Stat. Ann. §§ 60-2301, 60-2304.

[7] *E.g.*, *In re Drenttel*, 403 F.3d 611 (8th Cir. 2005) (holding that Minnesota's homestead exemption statute is eligible for use on Arizona property); *In re Arrol*, 170 F.3d 934, 936 (9th Cir. 1999) (holding that California's homestead exemption is available for use on Michigan property).

[8] 11 U.S.C. § 522(b)(3).

The conclusion reached here gives substance to this new provision, which ensures that debtors who are unable to take advantage of state exemptions because they no longer reside in that state may still elect to use the federal exemptions listed in § 522(d).[9] Collier's agrees:

> [I]f the effect of section 522(b)(3) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property of the kind specified under section 522(d). The debtor is therefore permitted to exempt property under the federal exemption system in this situation notwithstanding that the state of the debtor's domicile as determined by section 522(b)(3)(A) is an opt-out state. This may arise if the exemption law of the debtor's domicile requires that the debtor must reside within the state to claim exemption rights or if the state law does not permit an exemption to be taken on property located outside the state.[10]

ACCORDINGLY, the Trustee's Objection to Exemptions is OVERRULED. The Debtor is entitled to claim exemptions under 11 U.S.C. § 522(d).

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: September 7, 2007

Copy to: Jerald S. Enslein

Drew Frackowiak

---

[9] *See* 11 U.S.C. § 522(b)(3).

[10] 4 Collier on Bankruptcy ¶ 522.06 (15th ed. rev. 2007) (citations omitted).